IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES CRAMBERG,

       Petitioner,

vs.                                                          No. CIV 13-0494 JB/CG

UNITED STATES OF AMERICA,

       Respondent.

## MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Findings and Recommended Disposition, filed on December 17, 2013 (Doc. 13)("PFRD"). In the PFRD, the Honorable Lorenzo F. Garcia, United States Magistrate Judge, recommended that the Court dismiss with prejudice Petitioner James Cramberg's [Amended] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed July 9, 2013 (Doc. 6). Cramberg timely filed his "Movant's Blanket Objections to the Magistrate Judge's Finding and Recommended Disposition," filed January 6, 2014 (Doc. 15)("Objections"). The Court has carefully considered Cramberg's Objections as part of the Court's de novo review of the PFRD, the Objections, and the record.

Cramberg's first objection is to Judge Garcia's finding that no evidentiary hearing is necessary. See Objections at 2-3. As explained in the PFRD, an evidentiary hearing is not necessary when there are "no relevant, disputed issues of fact that need to be resolved." See PFRD at 2 (quoting United States v. Gonzalez, 596 F.3d 1228, 1244 (10th Cir. 2010)). Cramberg argues that his trial counsel, Brian Pori, improperly advised him that he would be sentenced to a shorter term of imprisonment than the one he received and that an evidentiary

hearing is required to resolve this factual issue.  See PFRD at 2-4.  Before accepting Cramberg's guilty plea, however, Judge Garcia explained to Cramberg that the Court could still impose the maximum sentence, despite any recommendations contained in the plea agreement.  See Transcript of Plea Hearing at 9:2-10:7, taken October 17, 2011 (United States v. Cramberg, No. CR 3244 JB Doc. 67)("Tr.")(Court, Defendant).  Judge Garcia further explained that Mr. Pori's estimate of the sentence was simply an estimate and the actual sentence imposed could be different.  See Tr. at 10:14-20 (Court, Defendant).  Cramberg affirmed, under oath and on the record, that he understood.  See Tr. at 10:14-20.  A defendant's statements at a Rule 11 proceeding "are regarded as conclusive 'in the absence of a believable reason justifying departure from their apparent truth.'"  PFRD at 14 (quoting United States v. Bambulas, 571 F.2d 525, 526 (10th Cir. 1978)).  Cramberg has given no credible reason to question the truth of his statements at the plea hearing.  The Court overrules this objection.[1]

In his second objection, Cramberg states that Mr. Pori's "spurious prognostication and ratiocination" of a lower sentence led Petitioner to enter into a guilty plea.  Objections at 4-5.  As

---

[1] Cramberg's Objections state that the Court varied from the PSR in imposing a fine.  See Objections at 3.  Cramberg may have intended, by this reference, to incorporate this argument from an earlier pleading: "[T]he Court when accepting Movant's change of plea stated on the record it would **not** vary from the PSR.  Therefore, the Court violated [his] due process under the Fifth Amendment when imposing" the fine that the Court imposed.  Movant's Reply Brief in Opposition to the Government's Response to His § 2255 Motion at 5, filed September 13, 2013 (Doc. 11).  The argument lacks a sound basis in law or in the facts.  First, the Court did not take Cramberg's plea; a Magistrate Judge took it.  Second, the PSR was not prepared at the time of the change of plea, so there was no PSR to which to refer.  Third, Magistrate Judges do not sentence or promise a sentence when they take a plea.  Moreover, Cramberg does not attach a transcript of the hearing or refer to the audio tape of the hearing.  Fourth, when the Court imposed the fine, the Court implicitly did not adopt the PSR's contrary factual conclusion about a fine's feasibility, but amended it.  Moreover, even if authority supported Cramberg's due process argument -- and he does not cite such authority -- that claim lies within of the scope of Cramberg's collateral-attack waiver.  Accordingly, to the extent that Cramberg intended to incorporate this argument as a free-standing objection to the PFRD, the Court will overrule this objection.

discussed above, before entering his guilty plea, Cramberg affirmed that he understood that the Court may impose a longer term of imprisonment than that contemplated in the plea agreement. For the same reasons as those that the PFRD outlines, the Court concludes that Cramberg knowingly and voluntarily entered into a guilty plea, and that there is no evidence that he was forced or improperly induced to do so.  See PFRD at 14-15.  Cramberg's third objection essentially repeats his second objection, and the Court, therefore, overrules this objection for the same reasons as it overruled the second objection.  See PFRD at 5-6.

In his fourth objection, Cramberg complains about the fine that the Court imposed.  See Objections at 6-7.  In Cramberg's view, Mr. Pori was ineffective, because he failed to timely notify the Court that Cramberg's mother had changed her mind about leaving her property to Cramberg.  See Objections at 6-7.  The Court did not, however, deny Cramberg's Motion for Modification of Sentence, filed June 7, 2012 (Doc. 56), solely on the basis of it being untimely; it found that the "intervening circumstances" that were the basis of the motion did not "fall within the narrow set of circumstances which Congress has provided for courts to reduce sentences of criminal defendants."  Memorandum Opinion and Order at 8-10, filed August 21, 2012 (Doc. 59).  The Court overrules the objection.

Cramberg's fifth objection is to Judge Garcia's finding that Cramberg failed to demonstrate that Mr. Pori was ineffective because he failed to file an appeal as directed.  See Objections at 7-10.  Cramberg argues that an evidentiary hearing should be held so that the Court can determine whether Mr. Pori told Cramberg that he would file an appeal.  See Objections at 9. Judge Garcia recommended denying relief on this allegation, however, on two grounds: (i) Cramberg has failed to provide any support for his assertion that Mr. Pori failed to file an appeal as directed; and (ii) that Cramberg had waived the right to an appeal if his sentence was

within the applicable guidelines and the right to a collateral attack on his conviction on any grounds other than the issue of counsel's ineffective assistance in negotiating or entering the plea or waiver. See PFRD at 12-14. Cramberg does not address Judge Garcia's finding that the waivers bar his claim for relief, and the Court agrees with Judge Garcia that Cramberg has effectively waived his right to attack Mr. Pori's representation on these grounds. The Court overrules this objection.

Having conducted a de novo review of the filings, the PFRD, and Cramberg's Objections, the Court adopts the PFRD and overrules Cramberg's Objections.

**IT IS ORDERED** that: (i) the Magistrate Judge's Findings and Recommended Disposition, filed December 17, 2013 (Doc. 13), is adopted; and (ii) Petitioner James Cramberg's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed July 9, 2013 (Doc. 6), is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

James Cramberg
FCI El Reno
El Reno, Oklahoma

    *Plaintiff pro se*

Steven C. Yarbrough
  Acting United States Attorney
Louis E. Valencia
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Defendant*